# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DISTRICT)

| | | |
|---|---|---|
| BRUCE WILLIAM SMITH<br>C/O Kurtz Peters & Associates LLC.<br>30 Courthouse Sq. #206<br>Rockville, MD 20850<br><br>*Plaintiff,*<br><br>v.<br><br>Lt. JASON T. RORICK<br>C/O Prince George's County Police<br>7600 Barlowe Road<br>Landover, MD 20785<br><br>Cpl. QUAN LAC<br>C/O Prince George's County Police<br>4321 Sellman Road<br>Beltsville, MD 20704<br><br>*Defendants.* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No.: 8:19-cv-01560<br><br>Jury Trial Demanded |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

TO THE HONORABE JUDGES OF SAID COURT:

COMES NOW, the Plaintiff, Bruce William Smith, (hereinafter, "Plaintiff"), by and through undersigned counsel, Benjamin M. Kurtz, and Kurtz Peters and Associates LLC., hereby files suit for damages against the Defendants, Lieutenant Jason T. Rorick (hereinafter, "Rorick") and Corporal Quan Lac (hereinafter, "Lac"), and in support of this claim Plaintiff avers the following:

## THE PARTIES

1. At all times herein pertinent, the Plaintiff, Bruce William Smith, is and was a resident of Montgomery County, the State of Maryland, and a citizen of the United States of America.

2. At all times herein pertinent, the Defendant, Lieutenant Jason T. Rorick, was and is a police officer of the Prince George's County Police Department and was acting in such a capacity as an agent, servant, and employee of the Prince George's County Police Department. Additionally, at all times referred to herein, Defendant Rorick acted under the color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Maryland, the County of Prince George's, the Prince George's County Police Department, and pursuant to his authority as a police officer of the Prince George's County Police Department..

3. At all times herein pertinent, the Defendant, Corporal Quan Lac, was and is a police officer of the Prince George's County Police Department, and was acting in such a capacity as an agent, servant, and employee of the Prince George's County Police Department, and was acting under the direction and control of the Prince George's County Police Department. Additionally, at all times referred to herein, Defendant Lac acted under the color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Maryland, the County of Prince George's, the Prince George's County Police Department, and pursuant to his authority as a police officer of the Prince George's County Police Department.

## JURISDICTION AND VENUE

4. The Plaintiff brings this lawsuit, which includes Federal causes of action arising under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986 and the Fourth and Fourteenth Amendments to the United States Constitution, for being subject to a deprivation of his rights, privileges, and immunities secured by the United States Constitution and the laws of the United

States, by the State of Maryland and the County of Prince George's, including the Prince George's County Police Department, and their agents, servants, and/or employees acting under the color of law.

5. Under 42 U.S.C. § 1983, 28 U.S.C. § 1943, and 28 U.S.C. § 1331, the United States District Court has original jurisdiction over all civil actions arising under the United States Constitution, laws, or treaties of the United States, including 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

6. The Plaintiff offers additional causes of action arising out of State of Maryland statutes and common law, including violations of the Maryland Declaration of Rights.

7. Under 28 U.S.C. § 1367, the United States District Court ha+s supplemental jurisdiction over all claims that are so related to claims in an action for which there is original jurisdiction that together they form part of the same case or controversy under Article III of the United States Constitution.

8. The Plaintiff's State of Maryland statutory and common law claims are so related to his claims for which the United States District Court has original jurisdiction that together they form part of the same case and controversy.

9. Under 28 U.S.C. § 1391(b)(1), and (2), venue is appropriate in the United States District Court, Southern Division because Prince George's County is (1) a judicial district where at least one Defendant resides and all Defendants reside in the State of Maryland, and (2) it is the judicial district in which all of the events or omissions giving rise to this action occurred.

## PRE-SUIT REQUIREMENTS

**I.    THE MARYLAND LOCAL GOVERNMENT TORT CLAIMS ACT**

10. Although the Plaintiff maintains that there is no applicable immunity for State of

Maryland statutory or common law claims and/or those arising under Federal law, including United States Constitutional claims, this Complaint nonetheless complies with the Maryland Local Government Tort Claims Act (Maryland Code Annotated, Courts and Judicial Proceedings, §§ 5-301, *et seq.*). The Plaintiff submitted notice of his claims via United States Postal Service certified mail, return receipt requested, postage prepaid to the Prince George's County Attorney on February 5th, 2019. The Plaintiff further asserts the County of Prince George's good and sufficient actual and/or constructive prior notice of all claims.

**II.     NON-WAIVER OF DEFENSES**

11.     The Plaintiff's compliance with applicable State of Maryland and Prince George's County notice requirements notwithstanding, the Plaintiff makes no waiver of defenses against applicable notice requirements for any State of Maryland statutory or common law tort claim brought forth in the United States District Court venue or for any claim arising under Federal law.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS AND COUNTS**

12.     On or about November 24th, 2018, Plaintiff Bruce Smith was enjoying a night at the MGM NH (MGM National Harbor) casino and resort. Mr. Smith is a frequent patron of MGM NH and as a matter of fact, playing 'craps' and gambling is the Plaintiff's favorite and most treasured hobby/pastime.

13.     Mr. Smith is an avid player of the game 'craps' and has gambled his way to the level of 'Noir' (the highest level of player rating bestowed by MGM) through his many years of high-level play.

14.     As a Noir Member, the Plaintiff earn[ed] many perks and benefits that are conferred upon only the most prestigious and cherished patrons of the many MGM properties. One of the countless benefits that Mr. Smith enjoyed/enjoys is that of not having to wait in lines.

15. On or about November 24th, 2018, the Plaintiff was exercising this very benefit when he 'cut' the line entering the main floor of the casino where security guards were checking ID's making sure all patrons were twenty-one (21) years of age or older. The Plaintiff, Mr. Smith, was 51 years old on the aforementioned date, and clearly above the age of twenty-one (21).

16. It was at this entrance/security line where Defendant Rorick and Plaintiff Smith had their first encounter which precipitated the eventual actions of the two Defendants giving rise to this action.

17. While security officers employed by MGM NH were manning the lines of entrance onto the casino floor, and checking ID's, Prince George's County Police officer, Lieutenant Rorick was standing-by watching the MGM NH employees performing their duties.

18. Even though none of the actual MGM NH employees objected to the 'cutting' of the line by the Plaintiff, Defendant Rorick took it upon himself to tell the Plaintiff, "Go to the back of the line". Rather than arguing with Defendant Rorick, Plaintiff Smith returned to the back of the line and returned to the front of the line in less than a minute. Once there, the security officers let the Plaintiff through without asking for ID, as they knew the Plaintiff and his 'Noir' status.

19. After walking through the security checkpoint, the Plaintiff, decided to make a remark of, "Are you happy now?" to Defendant Rorick. It is unclear whether or not Defendant Rorick said anything in response, but for the purposes surrounding this litigation, it is of no consequence.

20. The Plaintiff then proceeds to walk towards the high-limit cashier stand, while unbeknownst to the him, Defendant Rorick was shadowing him approximately 50-100 feet

behind. As the Plaintiff waited to cash-in over forty thousand dollars ($40,000.00) in MGM chips, Defendant Rorick confronted the Plaintiff and initiated what ended-up becoming the events that form the basis for this lawsuit.

21. Upon contacting the Plaintiff, Defendant Rorick immediately asked Plaintiff Smith, "Do you know who I am? I'm not one of these f-ing security guards". The Plaintiff responded by saying, "I know you're not, you're wearing a police officers' uniform". The Defendant then asked the Plaintiff if he would follow him to another physical location so they could have a "discussion" to which the Plaintiff respectfully declined.

22. After some more requests by Defendant Rorick for Plaintiff Smith to follow him to another location and continued refusal to acquiesce to Defendant's request, Defendant Rorick then put his hands upon the body of Plaintiff Smith without legal justification or consent in an offensive manner.

23. This assault continued and became more aggressive with Defendant Rorick grabbing, pushing, and eventually placing the Plaintiff into an arm-lock. Once Defendant Rorick had Plaintiff Smith in an arm-lock, he then proceeded to push and shove the Plaintiff up on and over a hand-rail. At this point, a member of the MGM NH security team noticed the commotion and came over and helped to end the situation as Defendant Rorick placed the Plaintiff into hand-cuffs.

24. After being assaulted, having his freedom of movement restrained, and placed into hand-cuffs, the Plaintiff was then 'perp-walked' through the entire casino floor and taken to a secondary location within the casino against his want or will. At all times Plaintiff was aware of his restraint of freedom to move, and his confinement in the secondary location (room) within the casino.

25. The Plaintiff then spent approximately one (1) hour within this room and was questioned by other members of the PG Police Department and members of MGM NH security, before being taken to the Hyattsville Police Department for formal processing by Defendant Lac.

26. Defendant Lac, upon information relayed to him by Defendant Rorick[1], charged Plaintiff Smith with the following four (4) criminal charges: (1) CR.10.201. (c)(2) *DISORDERLY CONDUCT*; (2) CR.9.408. (b) *RESIST/INTERFERE WITH ARREST;* (3) CR.3.203 *ASSAULT-SEC DEGREE;* (4) CR.3.203. (2) *ASSAULT SEC DEG-LE OFF/P&P AG* (a felony).

27. Defendant Lac filed these charges on behalf of Defendant Rorick, but according to his own testimony at Plaintiff's criminal trial, Defendant Lac reviewed the video footage at MGM NH and testified he saw "no assault" occurring on the video by Plaintiff Smith; this happened prior to Defendant Lac filing the charges against Plaintiff Smith.

28. On January 30th, 2019, Plaintiff Smith proceeded to stand trial for the charges alleged by Defendant's Lac and Rorick. After receiving direct testimony from both Lac and Rorick, counsel for Smith was stopped two questions into his cross examination of Defendant Rorick by the District Court Judge, wherein the Judge asked counsel if he "really needed to ask any questions". At this point counsel for Plaintiff Smith ceased his cross examination of Defendant Rorick and upon the not-so-disguised suggestion of the Court to, "make any motion you feel appropriate", moved for a judgment of acquittal on all charges, for which the Court granted and further stated, "I don't know why we're even here today"[2].

29. The outcome of not guilty by judgment of acquittal, is prima facia evidence that

---

[1] This information was discovered during discovery for Plaintiff Smith's criminal trial and through testimony by Defendant Lac and Defendant Rorick on January 30th, 2019 in the District Court for Prince Georges County in Hyattsville; Case number 5E00682834.
[2] A certified copy of the entire proceeding is attached and incorporated within this complaint.

Case 8:19-cv-01560-PJM   Document 1   Filed 05/28/19   Page 8 of 15

the charges were brought without justification in law and absent probable cause. There can be no denying the criminal charges were terminated in the Plaintiff's favor and that no warrant was applied for or granted for the matter of Maryland v. Bruce William Smith and there can be no qualified immunity raised as a defense in this matter. Additionally, Defendant's Lac and Rorick could not and cannot believe a reasonable officer in their respective positions would have thought probable cause existed for any of the charges filed against the Plaintiff.

## COUNT I. MARYLAND DECLARATION OF RIGHTS
### *(Plaintiff v. All Defendants)*

30. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further:

31. Defendants violated Plaintiff 's civil and constitutional rights, including his rights under Articles 24 and 26 of the Maryland Declaration of Rights.

32. The Defendants' actions were without legal justification and resulted in the false arrest and false imprisonment of Plaintiff and directly caused injury to Plaintiff.

33. As a direct result of Defendants' actions, Plaintiff was taken, "perp-walked" across the casino, disseized of his freehold liberties and privileges, outlawed, exiled, destroyed, deprived of his life, liberty, and property without the judgment of his peers or by the law of the land and was subjected to an illegal search and seizure.

34. All of Plaintiff 's injuries, damages, and losses were solely and proximately caused by the Defendants, their agents, and their employees, with no negligence on the part of Plaintiff contributing thereto.

## **COUNT II. VIOLATION OF RIGHTS SECURED UNDER 42 U.S.C. *§ 1983***

### *(Plaintiff v. All Defendants)*

35. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further

36. Defendants, in their individual capacity and within the scope of their employment, acted intentionally to violate Plaintiff's rights secured under Chapter 42, Section 1983 of the United States Code. Defendants engaged in activities that violated Plaintiff's rights as protected under the Constitution of United States of America.

37. The acts and omissions of Defendants detailed within this Complaint, including, but not limited to, the arresting of the Plaintiff without probable cause and the false arrest and false imprisonment of Plaintiff, without probable cause or a valid arrest warrant, deprived Plaintiff of his rights under 42U.S.C. §1983, including, but not limited to: freedom from the deprivation of liberty without due process of the law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America; and freedom from arrest without probable cause, as guaranteed by the Fourth Amendment to the Constitution of the United States of America. Plaintiff has a right to be free from arrest and detention without probable cause, legal excuse, or justification and without a valid warrant. This right was denied when Plaintiff was arrested and detained without probable cause, legal excuse, or justification or a valid arrest warrant.

38. Plaintiff has a right to be free from wrongful imprisonment. This right was denied when Plaintiff was wrongfully imprisoned without legal cause, excuse, or justification.

39. Plaintiff has a protected property interest in his freedom, his ability to exercise his free will and domain over his person, and his ability to be free from unlawful and unwelcomed detention by Defendants.

40. Plaintiff was afforded less process than was due under law by Defendants, in depriving him of the rights in question.

41. Defendants, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

42. By the actions detailed above, Defendants' conduct violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person and officer would have known. Defendants deprived Plaintiff of his constitutional rights under 42 U.S.C. § 1983, including, but not limited to, freedom from wrongful arrest and detention without probable cause or a valid arrest warrant, and freedom from wrongful imprisonment without probable cause or a valid arrest warrant.

43. As a result of the deprivation of his rights, Plaintiff was subjected to an unnecessary and unlawful arrest, detention, and imprisonment. Plaintiff further alleges that all of his injuries, losses, and damages past, present and prospective were caused solely by the conduct, actions, and inactions of Defendants as set forth herein, without any negligence, want of due care, or provocation on the part of Plaintiff, either directly or indirectly.

44. As a direct and proximate result of these acts, Plaintiff suffered damages including, among others, the following: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of his most cherished leisure activity; infliction of physical pain; humiliation; indignities and severe embarrassment; degradation; injury to reputation; permanent loss of natural psychological development; restrictions of all forms of personal

freedom (albeit for a limited scope/duration of time) including, but not limited to, diet, sleep, personal contact, educational opportunity, vocational and professional opportunity, athletic opportunity, personal fulfillment, family relations, reading, television, movies, travel, enjoyment, and expression.

## COUNT III. FALSE ARREST

### *(Plaintiff v. All Defendants)*

45. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein, and states further:

46. Defendants, their agents, and their employees unlawfully deprived Plaintiff of his liberty.

47. Plaintiff did not consent to the deprivation of his liberty.

48. Defendants, their agents, and their employees were without legal justification for depriving Plaintiff of his liberty.

49. The conduct of Defendants, their agents, and their employees was perpetrated with actual malice.

50. As a direct and proximate result of the false arrest by Defendants, their agents, and their employees, Plaintiff has sustained the following damages: Emotional, mental, and physical pain and suffering; Missed time from leisure activities; Past and future medical/psychological expenses.

## COUNT IV. FALSE IMPRISONMENT

### *(Plaintiff v. All Defendants)*

51. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein and states further: Defendants, their agents, and their employees unlawfully deprived

Plaintiff of his liberty.

52. Plaintiff did not consent to the deprivation of his liberty, was aware of his deprivation and or detainment, and was held against his will for a period of time.

53. Defendants, their agents, and their employees were without legal justification for depriving Plaintiff of his liberty.

54. The conduct of Defendants, their agents, and their employees was perpetrated with actual malice.

55. As a direct and proximate result of the false imprisonment by Defendants, their agents, and their employees, Plaintiff has sustained the following damages: Emotional, mental, and physical pain and suffering; Missed time from leisure activities; and Past and future medical/psychological expenses.

## **COUNT V. ASSUALT AND BATTERY**

### *(Plaintiff v. All Defendants)*

56. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

57. That the Defendants, acting within the scope of their employment, acted intentionally and in concert to commit numerous batteries upon the Plaintiff as alleged more specifically, in the body of this complaint.

58. During the course of the arrest, detention and confinement of the Plaintiff, the Defendants committed intentional and unpermitted touching's of the Plaintiff with actual malice that were harmful and offensive to him, offending his reasonable sense of dignity as alleged more specifically in the body of the complaint.

59. Defendant members of the Prince George's County Police Department acted

maliciously and with such recklessness as to demonstrate conscious disregard for the Plaintiff's rights.

60. As a direct and proximate result of the Battery by Defendants, Plaintiff has sustained the following damages: Emotional, mental, and physical pain and suffering; Missed time from leisure activities; and Past and future medical/psychological expenses.

## COUNT VI. MALICIOUS PROSECUTION
### (Plaintiff v. All Defendants)

61. Plaintiff incorporates by reference the preceding paragraphs as if set forth fully herein.

62. Defendants instituted criminal proceedings against the Plaintiff on or about November 24, 2018 absent any probable cause to do so.

63. The Plaintiff was granted a judgement of acquittal in the District Court for Maryland, Prince George's County, on or about January 30, 2019.

64. The above-mentioned criminal proceedings were instituted with malice to embarrass and harass Plaintiff.

65. The above-mentioned criminal proceedings were instituted with malice to control the Plaintiff.

66. The above-mentioned criminal proceedings were not instituted with the purpose of bringing the Plaintiff to justice.

67. As a direct and proximate result of the malicious prosecution by Defendants, their agents, and their employees, Plaintiff has sustained the following damages: Emotional, mental, and physical pain and suffering; Missed time from leisure activities; and Past and future medical/psychological expenses.

"WHEREFORE, for the foregoing reasons, Plaintiff Bruce William Smith, demands judgment against Defendant, Jason T. Rorick, in the amount of One Million Dollars ($1,000,000.00), as compensatory damages, punitive damages in an amount to be determined by the jury at trial, legal fees pursuant to 42 U.S. Code § 1988 (b), and all other relevant Federal and State Codes, interest, and costs of this action.

"WHEREFORE, for the foregoing reasons, Plaintiff Bruce William Smith, demands judgment against Defendant, Quan Lac, in the amount of One Million Dollars ($1,000,000.00), as compensatory damages, punitive damages in an amount to be determined by the jury at trial, legal fees pursuant to 42 U.S. Code § 1988 (b) and all other relevant Federal and State Codes, interest, and costs of this action.

    Respectfully submitted,

    Kurtz, Peters & Associates,

/s/ /James Peters/
James Peters Esq. Federal Bar No. 20105
30 Courthouse Sq. #206
Rockville, Maryland 20850
P. (301) 795-8272 F. (240) 489-6777
james@peterslawllc.com

/s/ Benjamin M. Kurtz

Benjamin M. Kurtz, Federal Bar No. (20602)
30 Courthouse Square, Suite 206
Rockville, Maryland 20850
Ph: 301-685-3911 Fx: 301-685-3674
benjaminkurtz@lowansandkurtz.com

## JURY TRIAL DEMAND

Plaintiff, by and through undersigned counsel, respectfully demands a jury trial on all issues and causes of action contained herein.

                                            /s/ /James Peters/
                                   James Peters Esq. Federal Bar No. 20105